UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL A. BURNETTE,

                Plaintiff,

    v.                                           Case No. 24-cv-886-pp

ELIZABETH TEGELS, *et al.*,

                Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT PLEADINGS (DKT. NO. 15)

---

On October 18, 2024, the court screened plaintiff Samuel A. Burnette's complaint (which he prepared himself) asserting violations of state and federal law, determined that it did not state a claim for relief and dismissed it without providing an opportunity to amend his complaint. Dkt. No. 13. The court explained that the plaintiff's "factual allegations about the water at Jackson [Correctional Institution] are thorough and exhaustive," and the court was "certain that allowing him to provide more information about these events would not change the court's conclusion that the issues of which he complains do not state a federal claim." Id. at 14.

On November 12, 2024, the court received the plaintiff's motion to supplement the pleadings under Federal Rule of Civil Procedure 15(d). Dkt. No. 15. The plaintiff says that "important facts were misconstrued," and that the supplement "is necessary to bring clarity to the issues." Id. at 1. He included exhibits and a declaration. Dkt. Nos. 15-1, 16. The plaintiff asserts that given

the supplemental information, his "complaint should pass screening so that a jury can decide the case on its facts and merits." Dkt. No. 15 at 1.

The plaintiff seeks to add new information about the "connection between Jackson Correctional and the Town of Brockway, WI." Id. He says that Brockway is "the nearest town to where [Jackson Correctional] is actually located." Id. He claims that Brockway and Jackson share a water source; in support he cites an August 15, 2023 memorandum from Jackson Warden Lizzie Tegels. Id. (citing Dkt. No. 15-1 at 3). This memorandum does not say that Brockway and Jackson share a water source; it says that Brockway tested its waters for PFAS[1] contamination, and the "results showed improvement." Dkt. No. 15-1 at 3. Tegels reiterated that "all well samples taken continue to test below the Federal standards" for PFAS, and Brockway "did not announce additional mitigation efforts." Id. The warden then explains the additional mitigation and filtration efforts that Jackson staff completed. Id. The plaintiff says this memorandum shows that Tegels provided the information about the PFAS/PFOA[2] levels and that Brockway "had taken the PFAS/PFOA water contamination serious based on the water samples taken." Dkt. No. 15 at 1.

The plaintiff says that Badger Correctional Enterprises (BCE) introduced PFAS chemicals into the water supply by allowing its employees to dispose of inks containing those chemicals by washing them down the drain. Id. at 2. He

_____

[1] Per- and polyfluoroalkyl substances. https://www.epa.gov/pfas/pfas-explained.

[2] Perfluorinated compound. https://www.epa.gov/wqc/aquatic-life-criteria-perfluorooctanoic-acid-pfoa.

says that the chemicals "are then introduced into the Town of Brockways [*sic*] water table and recycled back into the drinking water supply." Id. The plaintiff says that "he believes that more facts will only be revealed" about BCE's water contamination after he "has subpoena power and discovery and dispositive motions are filed." Id. He attached a declaration averring the same information about BCE and the chemicals. Dkt. No. 16.

The plaintiff asserts that the court should allow his claims against 3M and Avery Dennison to proceed. Dkt. No. 15 at 2. He says he "believes that they hold a certain amount of responsibilities if their product truly did contribute to the institutions and the Town of Brockway's contaminated water." Id. He again says that his claims "would be proven once discovery and dispositive motions were filed." Id.

The plaintiff realleges that the defendants attempted to keep his institutional complaints from being "accepted so that inmates could not seek relief concerning the unsafe water." Id. He also realleges that medical staff were deliberately indifferent to the potential risk to his health from PFAS/PFOA contamination. Id. at 3. He says that medical staff "did nothing for over a year," and asserts that the risk of potential "future harm is ever present on his mind because of the cancers that are associated with PFAS/PFOA exposure." Id.

Federal Rule of Civil Procedure 15(d) provides that

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). The plaintiff's motion does not seek to introduce new facts that happened since the date of his pleading. Instead, he seeks to add additional background information about the claims in his complaint that the court determined were insufficient to state a claim for relief. The proper basis for making a request like this is to file a motion for leave to *amend* a pleading, not to supplement it. <u>See</u> Fed. R. Civ. P. 15(a). But the standards for allowing supplemental or amended pleadings generally are the same. <u>See</u> <u>Glatt v. Chi. Park Dist.</u>, 87 F.3d 190, 194 (7th Cir. 1996). The court must allow amended pleadings (and may allow supplemental ones) "unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." <u>Life Plans, Inc. v. Sec. Life of Denver Ins. Co.</u>, 800 F.3d 343, 358 (7th Cir. 2015) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Although the plaintiff brought his motion as a motion to supplement under Rule 15(d), he asks the court to "revisit the issues outlined in the complaint and allow the complaint to proceed on its merit through the screening process." Dkt. No. 15 at 3. This language suggests that what the plaintiff wants is for the court to reconsider its previous decision and allow him to proceed with this new information. Because the plaintiff brought this motion within twenty-eight days of entry of judgment, the court could construe it as if he had brought it under Federal Rule of Civil Procedure 59(e). Under that rule, a party may ask the court to alter or amend a judgment if he can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. <u>Harrington v. City of Chicago</u>, 433 F.3d 542, 546 (7th Cir. 2006) (citing <u>Romo v.</u>

Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

The plaintiff's motion does not state a basis to amend or supplement the complaint under Rule 15, nor does it state a basis for the court to reconsider its previous decision under Rule 59(e). None of the plaintiff's additional information is newly discovered. The plaintiff offers more background information and a declaration reiterating allegations from the complaint. At screening, the court accepted the allegations in the complaint as true, so there was no need for the plaintiff to submit a declaration reiterating those allegations. See Dkt. No. 13 at 2 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). His newly presented—but not new—background information is not a proper ground for altering the judgment. See Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment").

Nor do the plaintiff's motion and additional information correct the deficiencies that the court described in the screening order or demonstrate that the court committed a manifest error of law or fact. The plaintiff says that the court misconstrued important facts, but he does not identify the facts the court allegedly misconstrued. He realleges that the defendants did not accept his institutional complaints and says that they created obstacles to him filing those complaints. But the complaint alleged that the plaintiff was able to file complaints and that he received responses providing him further guidance. In its screening order, the court thoroughly described these allegations and explained that they "are insufficient to state a claim" because "the plaintiff has no due process right to a meaningful prison grievance system." Dkt. No. 13 at 11 (citing Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007)).

The plaintiff again asserts that the defendants were deliberately indifferent to his medical concerns. But the court previously explained that these allegations do not show "that the plaintiff faced a substantial risk of serious harm and that the defendants were deliberately indifferent to that risk." Id. at 10–11. The plaintiff provides no information suggesting that this was error; he simply reiterates that he believes medical staff should have done more to assuage his concerns about the potential risk from drinking the water at Jackson. The court also explained that the plaintiff cannot proceed under §1983 on a claim against 3M and Avery Dennison because they "are private companies," and the plaintiff's "speculation that their products caused the

contaminated water is not entitled to the presumption of truth and is insufficient to state a plausible claim for relief." Id. at 12–13 (citing Iqbal, 556 U.S. at 678; and Twombly, 550 U.S. at 555). The plaintiff's motion does not state any facts demonstrating that this conclusion was incorrect. He reiterates the same speculations in asking the court to allow him to proceed against these companies. His repeated insistence that these companies should be held responsible is no more a basis for a federal claim this time than it was the first time.

The plaintiff has not provided new information that states a claim for relief and has not demonstrated that the court disregarded or misapplied controlling law or misconstrued the facts. He reiterates many of the allegations from his complaint and insists that he can prove his claims through discovery. But it is the plaintiff's responsibility to provide sufficient factual allegations in his complaint to state a plausible claim for relief before he can proceed to discovery. See id. at 2 (quoting Iqbal, 556 U.S. at 678 and citing Twombly, 550 U.S. at 570). The court explained in the screening order why the plaintiff's complaint failed to satisfy this standard, and nothing he seeks to add in his motion changes the court's conclusions. The plaintiff's attempt to "reargue what the court has already rejected" is not a basis for the court to allow him to supplement or amend his complaint or reconsider its previous order; it is a basis for an appeal. Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997) (citing Caisse Nationale De Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)).

The court will deny the plaintiff's motion to supplement (or amend) his complaint because it is futile and because the additional information he provides still does not state a federal claim. Nor will the court reconsider its previous decision because the plaintiff has not introduced newly discovered evidence or shown that the court committed a manifest error of law or fact. The court will not allow the plaintiff to proceed on his complaint. This case will remain closed.

The court **DENIES** the plaintiff's motion to supplement his complaint or to reconsider the screening order. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 13th day of February, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**