UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL A. BURNETTE,

                Plaintiff,

v.                                                             Case No. 24-cv-886-pp

ELIZABETH TEGELS, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR FOR RELIEF FROM JUDGMENT (DKT. NO. 18)**

On October 18, 2024, the court dismissed plaintiff Samuel A. Burnette's *pro se* complaint under 42 U.S.C. §1983 and entered judgment. Dkt. Nos. 13, 14. On February 13, 2025, the court denied the plaintiff's motion to supplement the pleadings. Dkt. No. 17. The court explained that, "[a]lthough the plaintiff brought his motion as a motion to supplement under Rule 15(d), . . . what the plaintiff wants is for the court to reconsider its previous decision and allow him to proceed with this new information." Id. at 4. The court construed the motion as if the plaintiff had brought it under Federal Rule of Civil Procedure 59(e) and denied it because it did not state a basis to amend or supplement the complaint under Rule 15 or for the court to reconsider its previous decision under Rule 59(e). Id. at 5–7.

On March 3, 2025, the court received the plaintiff's motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 18. The plaintiff again asserts

that Jackson Correctional Institution gets its water from the Town of Brockway, whose water he says was contaminated above acceptable levels. Id. at 1–2. He says both that he "may not be showing any symptoms at this time" and that he "is showing some symptoms of the side effects of exposure to PFAS." Id. at 3. Either way, he asserts "that medical treatment is inevitable," so the court should allow him to proceed on his claim that he was denied proper medical treatment. Id. He reasserts that the court should allow him to proceed on his claim involving Badger Correctional Enterprises because that entity has not responded to the facts alleged in his original complaint, which he says are unrefuted. Id. at 4. He also asserts that "if the case is allowed to proceed past screening . . . the evidence would show that chemicals produced by 3M Corporation and Avery Dennison could in fact be the cause of the PFAS in the water at" Jackson and the Town of Brockway. Id.

The court construed the plaintiff's previous motion as if he'd brought it under Rule 59(e) because he filed it within twenty-eight days of entry of the judgment. Dkt. No. 17 at 4. Because it is now well past that deadline, the court construes the plaintiff's current motion as if he had brought it under Rule 60(b). See Banks v. Chi. Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, [the court] treat[s] it as a Rule 60(b) motion."). The plaintiff frames his motion as if he had brought it under Rule 60(b)(2), which allows the court to grant relief from the judgment if the plaintiff provides "newly discovered evidence that
2

could not have been obtained at the time of the original litigation [and] may show that the judgment was erroneous." Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000) (citing Fed. R. Civ. P. 60(b)(2)). The Seventh Circuit has explained that "the same criteria apply in evaluating 'new evidence' offered under" Rule 59(e) or Rule 60(b)(2). Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis, 721 F.2d 210, 213 (7th Cir. 1983). Relief from judgment under any subsection of Rule 60(b) "is 'an extraordinary remedy . . . granted only in exceptional circumstances.'" LAJIM, LLC v. Gen. Elec. Co., 917 F.3d 933, 949 (7th Cir. 2019) (quoting Davis v. Moroney, 857 F.3d 748, 751 (7th Cir. 2017)).

The plaintiff has not provided any new evidence to warrant relief from the judgment. He reiterates the same bases for relief that he asserted in his previous motion involving Jackson and the Town of Brockway's water supply. He provides a memorandum from Jackson Warden Lizzie Tegels dated May 9, 2023 that he says is new evidence showing "that the water is indeed supplied by the Town of Brockway and all that the town is doing to deal with the PFAS in its water supply." Dkt. No. 18 at 1 (citing Dkt. No. 18-1). But the plaintiff discussed this memorandum in his original complaint. See Dkt. No. 13 at 5 (citing Dkt. No. 1 at ¶15). That means that, like the information he provided with his previous motion, this information is not newly discovered. This information isn't even newly presented. This previously available and previously presented information does not provide a valid basis for relief under Rule 60(b)(2) (or Rule 59(e)). See Anderson v. Holy See, 934 F. Supp. 2d 954, 962 (N.D. Ill. 2013) (citing Obriecht

3

Case 2:24-cv-00886-PP    Filed 04/14/25    Page 3 of 4    Document 19

v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008)), aff'd *sub nom.* Anderson v. Cath. Bishop of Chi., 759 F.3d 645 (7th Cir. 2014).

The plaintiff otherwise reasserts the same bases for relief that the court rejected in the screening order and in the previous order denying his first post-judgment motion. See Dkt. No. 13 at 10–13; Dkt. No. 17 at 6–7. The court will not reiterate its reasoning from those previous rulings, other than to repeat that "[t]he plaintiff's attempt to 'reargue what the court has already rejected' is not a basis for the court to . . . reconsider its previous order; it is a basis for an appeal." Dkt. No. 17 at 7 (quoting Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997); and citing Caisse Nationale De Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)). The plaintiff has given the court no valid basis to grant him relief from the judgment and instead seeks to challenge—again—the court's rulings without filing an appeal. The court will deny his request. If the plaintiff files a third motion seeking to challenge the court's ruling instead of filing an appeal, the court will summarily deny the plaintiff's motion without discussion.

The court **DENIES** the plaintiff's motion to alter or amend the judgment or for relief from the judgment. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 14th day of April, 2025.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**