UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL A. BURNETTE,

                    Plaintiff,

          v.                                        Case No. 24-cv-886-pp

ELIZABETH TEGELS, *et al.*,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO USE RELEASE ACCOUNT TO PAY BALANCE OF FILING FEE AND TO VACATE ORDER TO PROCEED IN FORMA PAUPERIS (DKT. NO. 31)**

---

On October 18, 2024, the court dismissed this case for the plaintiff's failure to state a claim. Dkt. No. 13. The plaintiff appealed, dkt. no. 20, and filed a motion asking this court for leave to appeal without prepaying the appellate filing fee, dkt. no. 22. Because the plaintiff had incurred three "strikes"—in other words, he had had three cases previously dismissed for failure to state a claim—the court denied his motion and ordered that he must pay the full $605 appellate filing fee by the end of the day on October 23, 2025. Dkt. No. 28. On April 24, 2026, the Court of Appeals for the Seventh Circuit dismissed the appeal for the plaintiff's failure to pay the required docketing fee. Dkt. No. 29. The plaintiff now has filed a motion asking for leave to use his release account to pay the balance of the filing fee in this district court case. Dkt. No. 31. He states that if the court grants the motion "this Court could reverse its order allowing [the plaintiff] to proceed Informa Pauperis [sic] and remove the 'strike' incurred" when the court dismissed the case for failure to state a claim. Id. at 2. The plaintiff states that he has enough money in his release account to pay the balance of the filing fee. Id. at 2.

1

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. That law requires the court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). The term "prisoner's account" encompasses both an incarcerated person's general account and his release account. <u>Spence v. McCaughtry</u>, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "'Release account' means an account established for an inmate in which a percentage of the inmate's income is deposited, in accordance with s. DOC 309.466 so that the inmate has sufficient funds when released from the institution to purchase release clothing, out-of-state transportation, and other items and services needed on release." Wis. Admin. Code §DOC 309.02(18). Given the purpose of the release account, federal courts do not focus on that account as the source of funds to satisfy filing fee payment requirements. <u>Smith v. Huibregtse</u>, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

District courts generally do not allow a plaintiff to deplete the funds in his release account to pay the full filing fee. Typically, an incarcerated plaintiff lacks sufficient funds to pay the full fee when he files his complaint, so he files a motion to proceed without prepaying the filing fee. The court then calculates and requires him to pay an initial partial filing fee. If a plaintiff does not have enough money in his general account to pay the initial partial filing fee, district courts can allow the incarcerated person to pay the initial partial filing fee out of the release account, then the plaintiff pays the balance of the filing fee over time from his general account.

Contrary to the plaintiff's assertion, if he paid the balance of the filing fee now, the court would not vacate its prior order granting his motion to proceed without prepaying the filing fee (*in forma pauperis*). The only way the plaintiff

2

could have avoided proceeding *in forma pauperis* was to have paid the full filing fee at the time he filed his complaint. And even if the plaintiff had paid the full filing fee at the time he filed the complaint, he still would have incurred a "strike" when the court dismissed his complaint for failure to state a claim. See 28 U.S.C. §1915(g). The court will deny the plaintiff's motion to pay the balance of the filing fee from his release account and to vacate the order to proceed *in forma pauperis.*

On May 18, 2026, the plaintiff filed a proposed amended complaint. Dkt. No. 32. As explained above, this case has been closed since October 18, 2024, and the court of appeals dismissed the plaintiff's appeal. The plaintiff may no longer proceed in this case, and the court will not address his proposed amended complaint.

The court **DENIES** the plaintiff's motion to use release account to pay balance of filing fee and motion to vacate order to proceed *in forma pauperis.* Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 28th day of May, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3